# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs November 3, 2015

## STATE OF TENNESSEE v. LARRY PITTMAN

**Appeal from the Circuit Court for Madison County**
**No. 84-201     Donald H. Allen, Judge**

---

**No. W2015-01237-CCA-R3-CD  -  Filed February 12, 2016**

---

The defendant, currently serving a life sentence as the result of a 1984 conviction for armed robbery, filed a motion to correct an illegal sentence, pursuant to Tennessee Rule of Criminal Procedure 36.1, claiming that the sentencing court erred in finding him to be a "persistent offender." His motion was denied without a hearing, and he appealed. Following our review, we affirm the order of the trial court dismissing the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Larry Pittman, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

Before reviewing this matter, we first will review the defendant's growing list of post-conviction filings.

In his direct appeal, the defendant's only argument as to sentencing was that his sentence was excessive because the trial court failed to consider two mitigating factors and erroneously applied one enhancement factor. State v. Larry Pittman, No. 20, 1986 WL 4841, at *3-4 (Tenn. Crim. App. Apr. 23, 1986), perm. app. denied (Tenn. July 28,

1986).  In his first petition for post-conviction relief, he made no claims about his sentencing but argued that counsel had been ineffective in not presenting certain alibi witnesses.  Again, he was unsuccessful.  Larry Pittman v. State, No. 21, 1988 WL 49936, at *1 (Tenn. Crim. App. May 18, 1988), perm. app. denied (Tenn. Aug. 29, 1988). Thus, neither in his direct appeal nor his first petition for post-conviction relief did he make the claim that he had been incorrectly classified in sentencing.  In his second post-conviction petition, he argued unsuccessfully that he was entitled to a new trial because the trial court had utilized the phrase "moral certainty" in the jury instructions.  Larry Pittman v. State, No. 02C01-9704-CC-00138, 1998 WL 188855, at *1 (Tenn. Crim. App. Apr. 22, 1998).  Next, he filed a petition for writ of habeas corpus, arguing that he had been sentenced illegally because, pursuant to Blakely v. Washington, 542 U.S. 296 (2004), the jury, rather than the trial court, should have determined his sentence.  This claim was unsuccessful, as well.  Larry C. Pittman v. State, No. W2007-02442-CCA-R3-HC, 2008 WL 2938069, at *1 (Tenn. Crim. App. July 30, 2008), perm. app. denied (Tenn. Dec. 8, 2008).

## ANALYSIS

In his most current attack on his life sentence, the defendant has repackaged an issue determined in his 1986 direct appeal.  As this court stated thirty years ago in affirming his conviction:

> The defendant argues that one enhancement factor was erroneously considered by the trial judge.  He says that the use of a deadly weapon is a necessary element of the offense of armed robbery and that under T.C.A. § 40-35-111, enhancement factors may not be applied if they are necessary elements of the offense.

Larry Pittman, 1986 WL 4841, at *3.

The panel explained why this claim was without merit:

> Perhaps the defendant's assertion would be correct if he had not shot the victim two times, once in the back of the hip after he had gotten out of his vehicle. The shooting of a helpless, unarmed victim is not a necessary element of the offense of armed robbery. This argument is invalid.

Id.

In his Rule 36.1 motion to correct an illegal sentence, the defendant again relies upon an argument which he presented unsuccessfully in his direct appeal, asserting that

"it is clear that the criteria the State was using to seek enhancement was one of the criteria establishing an especially aggravated offense, the very statute [Tenn. Code Ann. § 40-35-111] it attempted to use specifically prohibited such use." In denying the defendant's motion to correct an illegal sentence, in his view, the trial court concluded that the "sentence imposed is a legal sentence and does not contravene any applicable statute."

We agree with the conclusion of the trial court. For this reason alone, the defendant has failed to present a colorable claim. Additionally, as we have stated, thirty years ago, this court considered and found to be without merit the same claim presented by this appeal. Accordingly, we conclude that the defendant has failed to present a colorable claim and affirm the dismissal of his motion.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE

3